IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| YUSEF PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:23-cv-00483 |
| ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff Yusef Payne, a Virginia inmate proceeding *pro se*, filed this lawsuit against the Federal Bureau of Prisons and USP Hazelton.[1] Payne alleges that the Federal Bureau of Prisons offered him an unreasonable administrative settlement of $150 for his loss of personal property. *See* 31 U.S.C. § 3723. Payne claims that he has been deprived of his personal property, and the post-deprivation remedy and administrative settlement is inadequate. He requests damages in an amount between $772.80 and $5,000. (Dkt. No. 1 at 5.)

This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Payne has failed to state a claim for which relief can be granted, and this action must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or

---

[1] Payne is currently incarcerated in the Western District of Virginia, at USP Lee, but the events associated with Payne's lawsuit occurred at USP Hazelton, which is in West Virginia. Even if venue for this matter should be in West Virginia, *see* 28 U.S.C. § 1391(e)(1), the interests of justice do not favor transfer under 28 U.S.C. § 1631 because Payne's allegations do not state any ground for relief. *See Rodriguez v. Federal Bureau of Prisons*, No. 7:13CV00047, 2013 WL 819381, at *2 (W.D. Va. Mar. 5, 2013) (summarily dismissing case upon finding that transfer under § 1631 was unwarranted because complaint states no factual or legal basis for judicial relief in any court).

officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Payne's complaint, the court concludes that does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the United States Supreme Court created a remedy, similar to 42 U.S.C. § 1983, to allow individuals to sue for damages for deprivations of constitutional rights caused by the actions of officials acting under color of federal law. *Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000). Federal agencies, such as the BOP and USP Hazelton, are not subject to suit under *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas v. Cauley*, Civil Action No. 1:11-0449, 2014 WL 3566038, at *1 n.3 (S.D.W. Va. Apr. 29, 2014) (finding that federal prisons, including USP Hazelton, and the BOP are not "persons" as required by *Bivens*) (citing *Murphy-Barber v. Murry*, 91 F.3d 132 (4th Cir. 1996)).

Payne also has no cause of action based on his dissatisfaction with the settlement offered to him under § 3723. This section authorizes federal "agency heads to settle, for not more than $1000, claims involving the negligence of governmental employees," including "loss of a prisoner's property by the negligence of a BOP officer." *Andrews v. United States*, 441 F.3d

2

220, 225 n.5 (4th Cir. 2004), *abrogated on other grounds by Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 220–21 (2008).[2] Because the remedy under § 3723 "does not allow a judicial suit," *id.*, Payne cannot ask a court to alter or reverse the settlement offered to him.

For the foregoing reasons, the court will summarily dismiss Payne's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

An appropriate order will be entered.

Entered: October 12, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] Payne does not identify any individual defendants or specific persons involved in the deprivation, but since the alleged deprivation appears to have been caused by negligence, Payne would not have a *Bivens* claim against such a federal official. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986) (negligent loss of an inmate's property does not give rise to a constitutional claim); *Schomaker v. United States*, 334 F. App'x 336, 338 (1st Cir. 2009) (negligent conduct resulting in loss of property was insufficient to support a due process *Bivens* claim).